IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN JEROME JONES (TDCJ No. 1169005), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:18-cv-3112-M-BN |
| FNU SPURLOCK, ET AL., | § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action by a Texas prisoner has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

Kevin Jerome Jones brings – on the form petition for asserting habeas claims under 28 U.S.C. § 2254 – both civil rights claims and contentions related to habeas relief.

The undersigned enters these findings of fact, conclusions of law, and recommendation that, to the extent that Jones is attacking a state criminal judgment, because the conviction he cites is out of Tarrant County, Texas, the Court should transfer the habeas petition to the Fort Worth Division of the Northern District of Texas, but, before doing so, the Court should sever Jones's civil rights claims concerning the handling of his legal mail (and supposedly directed at employees at the Texas Department of Criminal Justice's ("TDCJ") Eastham Unit, in Houston County, Texas) into a separate action and transfer that action to the Lufkin Division of the

Eastern District of Texas.

## Legal Standards and Analysis

I.   Habeas Claims

"Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d); *see also Ex parte Green*, 39 F.3d 582, 583-84 (5th Cir. 1994). These filing requirements are jurisdictional. *See Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004); *Webb v. Beto*, 362 F.2d 105, 108 (5th Cir. 1966).

The district court wherein such an application is filed may, in the exercise of its discretion and in furtherance of justice, transfer the case to another district court for hearing and determination. *See* 28 U.S.C. § 2241(d); *see also Carmona*, 375 F.3d at 539 (affirming dismissal of Section 2254 application for lack of jurisdiction but remanding with instructions to transfer the matter to either the district of conviction or the district of incarceration if petitioner elects to pursue his claim in either forum); *cf.* 28 U.S.C. § 1631 (allowing a district court lacking jurisdiction over an action to transfer that action if in the interest of justice to a federal court in which the action could have been brought at the time it was filed or noticed).

As the sentence at issue in this proceeding (or its revocation) results from a

conviction out of Tarrant County, which lies within the Fort Worth Division of this district, *see id.* § 124(a)(2), and because Petitioner is currently incarcerated at TDCJ's Eastham Unit, in Houston County, which lies within the Lufkin Division of Eastern District of Texas, *see id.* § 124(c)(6), this matter does not belong in the Dallas Division of this district.

While this Court has jurisdiction over the Section 2254 application, it should be transferred, under Section 2241(d), to the Fort Worth Division of this district, the district and division in which the state court that convicted and sentenced Petitioner is located. *See Henderson v. Quarterman*, No. 3:07-cv-248-B, 2007 WL 1411558 (N.D. Tex. May 11, 2007) (citing 28 U.S.C. § 1404 to note that, "[f]or the convenience of the parties and witnesses and in the interest of justice, a district court may transfer a civil action to any district or division where it might have been brought" and further remarking that, "[i]f there is any possibility that an evidentiary hearing may be necessary, a district court should transfer a petition to the district or division in which the petitioner was convicted and sentenced," and citing *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968) ("The legislative history of [Section 2241(d)] makes clear that a district court should transfer a petition to the district in which petitioner was convicted and sentenced if the transferring court is of the view that an evidentiary hearing will be necessary before final determination can be had.")).

II.  Civil Rights Claims

Liberally construing Jones's contentions that the handling (i.e., withholding) of his legal mail by prison officials as possibly stating a constitutional violation, "[u]nder

the First and Fourteenth Amendments, prisoners retain a right of access to the courts," *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)). "To allege an access-to-courts claim that is 'more than mere hope,' it must 'be pled in a manner that satisfies Fed. R. Civ. P. 8(a).' And that claim may be 'arguable' – not merely hopeful – when it is based on the alleged seizure or destruction of legal materials." *Perez v. Tanner*, No. 3:17-cv-2846-N-BN, 2017 WL 7000283, at *3 (N.D. Tex. Dec. 22, 2017) (citations omitted), *rec. accepted*, 2018 WL 501601 (N.D. Tex. Jan. 19, 2018).

A petitioner who, for example, "seeks both monetary damages, which are primarily available in a civil rights action pursuant to 42 U.S.C. § 1983, and release [from incarceration], which is available in a habeas corpus action pursuant to 28 U.S.C. § 2254," seeks "two forms of relief that cannot be obtained in the same suit." *Reed v. Thaler*, No. 2:11-cv-93, 2011 WL 3924171, at *2 (N.D. Tex. Aug. 15, 2011), *rec. adopted*, 2011 WL 3927746 (N.D. Tex. Sept. 7, 2011). And, where a prisoner brings both "habeas and § 1983 claims," the district court is "required" to "'separate the claims and decide the § 1983 claims.'" *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam); further collected cases omitted); *see also, e.g., Frankin v. Bd. of Pardons & Paroles*, No. 3:10-cv-1830-K-BK, 2010 WL 4668471, at *2 (N.D. Tex. Oct. 19, 2010) ("construing Petitioner's memorandum in support of the petition as also raising a section 1983 claim," dismissing habeas petition without prejudice for failure to exhaust state court remedies, but also opening a new Section 1983 action), *rec. adopted*, 2010 WL 4668464

(N.D. Tex. Nov. 8, 2010); *Reed*, 2011 WL 3924171, at *2 ("in an abundance of caution, sever[ing] the case into a civil rights claim and [a] habeas corpus petition" (citation omitted)).

Venue in a civil rights action is governed by 28 U.S.C. § 1391(b). *See Davis v. La. State Univ.*, 876 F.2d 412, 413 (5th Cir. 1989). This statute provides that venue is proper in the judicial district: (1) where the defendant resides; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(b).

The Court may transfer a civil rights case to any proper judicial district or division "for the convenience of parties and witnesses, in the interest of justice," *id.* § 1404(a)*; see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975), or may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought," 28 U.S.C. § 1406(a). A district court may raise the issue of venue *sua sponte. See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *see also Empty Barge Lines II, Inc. v. DREDGE LEONARD FISHER*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006) (collecting cases).

The mail-handling/possible constitutional claims appear to concern actions taken by defendants who are employed at TDCJ's Eastham Unit, where Jones is incarcerated. That facility is located in Houston County, which lies within the Lufkin Division of Eastern District of Texas. *See* 28 U.S.C. § 124(c)(6). Accordingly, once the civil rights claims are severed out into a separate suit, that suit should be transferred

to the Lufkin Division of Eastern District of Texas under Section 1391(b).

## Recommendation

To the extent that Petitioner Kevin Jerome Jones is attacking a state criminal judgment, because the conviction he cites is out of Tarrant County, Texas, the Court should transfer the habeas petition to the Fort Worth Division of the Northern District of Texas, but, before doing so, the Court should sever Jones's civil rights claims concerning the handling of his legal mail (and supposedly directed at employees at the Texas Department of Criminal Justice's Eastham Unit, in Houston County, Texas) into a separate action and transfer that action to the Lufkin Division of the Eastern District of Texas.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: November 28, 2018

                                              DAVID L. HORAN
                                              UNITED STATES MAGISTRATE JUDGE